United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                          Case No. 18-10137-elf
Kyra Riddick                                                                                    Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: John              Page 1 of 1              Date Rcvd: Jul 26, 2018
                            Form ID: pdf900         Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 28, 2018.
```
db            +Kyra Riddick,    738 Wynnewood Road,    Philadelphia, PA 19151-3819
14044867      +MIDFIRST BANK,    c/o KEVIN G. MCDONALD,    KML LAW GROUP, P.C.,    701 Market St. Suite 5000,
               Philadelphia, PA 19106-1541
14072628      +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: megan.harper@phila.gov Jul 27 2018 01:48:07     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 27 2018 01:47:34
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 27 2018 01:48:00     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                             TOTAL: 3
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 28, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 26, 2018 at the address(es) listed below:
```
              BRAD J. SADEK    on behalf of Debtor Kyra  Riddick brad@sadeklaw.com,    bradsadek@gmail.com
              KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 4
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kyra Riddick | | CHAPTER 13 |
| | Debtor | |
| MIDFIRST BANK | | |
| | Movant | |
| vs. | | NO. 18-10137 ELF |
| Kyra Riddick | | |
| | Debtor | |
| William C. Miller Esq. | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,906.55**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 1, 2018 to July 1, 2018 at $709.41/month |
| Late Charges: | $15.55 for April 1, 2018 |
| Uncollected Late Charges: | $31.10 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $8.74 |
| **Total Post-Petition Arrears** | **$3,906.55** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$709.41** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$651.10 from August 2018 to December 2018 and $651.05 for January 2019** towards the arrearages on or before the last day of each month at the address below:

**MidFirst Bank**
999 Northwest Grand Boulevard
Oklahoma City, OK 73118

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 3, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 7/13/18

Brad J. Sadek, Esquire
Attorney for Debtor

Date: 7/24/2018

LeRoy Etheridge
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

# O R D E R

Approved by the Court this 26th day of July, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank